# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 16-41 |
| CORNELL PENDLETON | SECTION "H" |

## ORDER AND REASONS

Before the Court are Defendant's Motion to Strike Surplusage (Doc. 62) and Motion to Exclude Expert Testimony (Doc. 76). For the following reasons, the Motion to Strike Surplusage is GRANTED, and the Motion to Exclude Expert Testimony is DENIED.

## BACKGROUND

Defendant Cornell Pendleton is charged in a fifteen count indictment with conspiracy to distribute heroin, conspiracy to commit money laundering, several substantive money laundering counts, structuring, and making a false statement on a loan application. The Superseding Indictment alleges that from some time prior to January 1, 2012 to March 2016, Defendant was

1

engaged in a scheme to assist certain drug dealers in purchasing assets in order to conceal the proceeds of their drug operations. Defendant has filed two pre-trial motions. In the first, he asks this Court to strike certain language from the Superseding Indictment relating to tax fraud. In the second, he seeks to limit the testimony of the Government's financial expert. This Court will consider each Motion in turn.

## LAW AND ANALYSIS

### A. Motion to Strike Surplusage

Defendant first asks this Court to strike Paragraph 16 of the Superseding Indictment as surplusage. Paragraph 16, which is included in a discussion of the Conspiracy to Commit Money Laundering charge against Defendant, states that: "Pendleton filed false federal income tax returns to the Internal Revenue Service that failed to report his unexplained cash, in an effort to conceal that his income included drug-trafficking proceeds." Defendant argues that this language should be stricken from the Superseding Indictment "because it contains uncharged allegations that Pendleton committed tax fraud" and is therefore irrelevant, inflammatory, prejudicial, and confusing.

Allegations of an indictment that are not necessary to prove the crime charged are surplusage.[8] A district court has discretion to strike surplusage from an indictment upon motion of the defendant under Rule 7(d) of the Federal Rules of Criminal Procedure; however, the level of proof required to

---

[8] *United States v. Prejean*, 429 F. Supp. 2d 782, 796 (E.D. La. 2006) (citing *United States v. Miller*, 471 U.S. 130, 136–37 (1985)).

strike surplusage from an indictment is "exacting."[9]  Surplusage is to be stricken as prejudicial where it "serve[s] only to inflame the jury, confuse the issues, and blur the elements necessary for conviction under the separate counts involved."[10] "Stated differently, a motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial."[11] A court may also strike as surplusage any "[i]ndirect expressions, implied allegation, argumentative statements, and uncertainty due to generalizations in language."[12] Surplusage need not be stricken, however, "where the charge is not materially broadened and the accused is not misled."[13]

Defendant argues that Paragraph 16 is unnecessary information that suggests a charge for tax fraud despite not being charged with such. He argues that this information is irrelevant and will cause juror confusion and prejudice. The Government rebuts that the information is relevant to Defendant's "course of dealings" and provides a "backdrop to the criminal events alleged." It argues that Paragraph 16 is not confusing and will assist the jurors in placing the defendant's conduct in context.

In making his argument, Defendant relies on *United States v. Reed*, in which a court in this District struck language from an indictment because it raised allegations of offenses that were not charged in the indictment.[14] In

---

[9] *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).
[10] *Id.*
[11] ALAN WRIGHT, 1 FED. PRAC. & PROC. CRIM. § 128 (4th ed.).
[12] *United States v. Prejean*, 429 F. Supp. 2d 782, 796 (E.D. La. 2006) (quoting *United States v. Williams*, 203 F.2d 572, 574 (5th Cir.1953)).
[13] *United States v. Trice*, 823 F.2d 80, 92 (5th Cir. 1987).
[14] *United States v. Reed*, No. 15-100, 2016 WL 54903 (E.D. La. Jan. 5, 2016).

*Reed*, the defendant was charged with conspiracy to commit wire fraud and money laundering, as well as substantive counts of wire fraud, money laundering, making false statements on income tax returns, and mail fraud.[15] The court struck as surplusage certain paragraphs of the indictment, which stated that, as part of the scheme to defraud, the defendant "caused the public filing of false and misleading campaign finance reports," which allowed him to avoid "scrutiny from the Louisiana Board of Ethics."[16] The court held that these paragraphs "effectively allege[d] violations" of the "Honest Services Fraud" law and election code disclosure regulations, which were not allegations charged in the indictment.[17] The court found that these paragraphs provided "extraneous information," which was not relevant or material to the wire fraud or money laundering charges and "was prejudicial and confusing as they create[d] the perception of additional charges and victims by alluding to a scheme to defraud the public and the Louisiana Board of Ethics, a scheme which is not the subject of any charge in the indictment."[18]

This Court finds the analysis in *Reed* compelling. Here, Defendant has not been charged with tax fraud, yet Paragraph 16 suggests this additional charge. While the information in Paragraph 16 may be admissible to prove Defendant's intent to commit money laundering, it is not so relevant to the charge that its inclusion in the charging document is appropriate given the likelihood for confusion it presents. Accordingly, Paragraph 16 is irrelevant,

---

[15] *Id.* at *1.
[16] *Id.* at *2.
[17] *Id.*
[18] *Id.*

4

confusing, and prejudicial, and it is therefore stricken from the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 7(d).

**B. Motion to Exclude Expert**

Defendant next asks this Court to exclude the expert testimony of Robert Glenn because the Government's disclosure fails to satisfy Federal Rule of Criminal Procedure 16's disclosure requirements. Federal Rule of Criminal Procedure 16(a)(1)(G) states that:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The Government's disclosure stated that Glenn "will testify regarding methods of concealing sources of income, including, but not limited to, transferring currency, structuring, the purchase and sale of assets, and accounting techniques," as well as, "his review and analysis of the defendant's bank and credit card accounts, federal tax information, property transfers, casino transactions" and "a review of statements by witnesses in this case." Defendant argues that the Government failed to disclose any "opinions or analysis discussing Glenn's potential testimony" regarding "methods of concealing information."

5

The Government replied with additional information clarifying Glenn's expected testimony. It disclosed that Glenn will testify as both an expert witness and a fact witness. Specifically, he will testify regarding his analysis of Defendant's records, transactions, and accounts, and he will also describe in general terms the techniques used by criminals to avoid having their financial transactions traced by law enforcement. Defendant does not dispute that Glenn is qualified to render expert testimony in this area or that he can testify as to this general background information; however, he argues that that much of the proposed testimony is "irrelevant, speculative, [and] cumulative." These objections are best addressed during trial. Accordingly, Defendant's Motion to Exclude is denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Strike Surplusage is GRANTED, and Motion to Exclude Expert is DENIED.

New Orleans, Louisiana this 19th day of April, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**