UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-41** |
| **CORNELL PENDLETON** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Cornell Pendleton's Motion for Compassionate Release (Doc. 246). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant Cornell Pendleton has served nearly 28 months of his 121-month sentence for various financial crimes, including conspiracy to commit money laundering, money laundering, structuring transactions to evade reporting requirements, and making a false statement on a loan application. He is currently housed at Federal Correctional Institute in Oakdale, Louisiana ("Oakdale"). Defendant moves this Court for compassionate release in light of the COVID-19 virus outbreak at Oakdale. Defendant asks this Court to temporarily release him to home confinement for the duration of the virus outbreak at the facility.

On earlier consideration of this Motion, this Court held that it had no authority to consider Defendant's requests until he exhausted the requirements of 18 U.S.C. § 3852(c). Since that time, Defendant has properly requested compassionate release from the warden of his facility and 30 days have lapsed since the warden's receipt thereof. Accordingly, Defendant's request is now properly before this Court.

## LAW AND ANALYSIS

As of July 7, 2020, the Bureau of Prisons ("BOP") reports that, at Oakdale, 1 inmate is currently positive for COVID-19, 206 have recovered, and 7 have died.[1] Defendant alleges that if he contracts COVID-19, he is at high risk for complications because of his advanced age and pre-existing health conditions. Specifically, Defendant is 54 years old and suffers from hypertension, high cholesterol, and is borderline diabetic. He argues, therefore, that extraordinary and compelling reasons exist to modify his sentence.

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[2] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus*, available at https://www.bop.gov/coronavirus/ (last visited July 7, 2020).

[2] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

2

without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction; or

    (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

While Defendant requests only temporary release for the duration of the pandemic, courts have held that 18 U.S.C. § 3582(c)(1)(A) "does not grant the Court the authority to release [a defendant] temporarily until the COVID-19 pandemic abates."[3] By its clear terms, Section 3582 authorizes a court only to "reduce the term of imprisonment," with or without imposing a term of probation or supervised release. Accordingly, this Court must consider whether the relief available under Section 3582 is warranted.

The Sentencing Commission's policy statement regarding compassionate release sets forth what facts are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[4] The

---

[3] United States v. Pawlowski, No. CR 17-390-1, 2020 WL 2526523, at *4 (E.D. Pa. May 18, 2020).

[4] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).

Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[5] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[6]

The policy statement states that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> >
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[5] *Id.*
[6] *Id.*

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[7]

This Court finds that Pendleton has not identified extraordinary and compelling reasons to order his immediate release from Oakdale.[8] On June 25, 2020, the Centers for Disease Control ("CDC") provided new guidance on what conditions put a person at a greater risk for severe illness from COVID-19.[9] The CDC has indicated that older adults and persons with chronic kidney disease, chronic obstructive pulmonary disease, obesity, serious heart conditions (such as heart failure, coronary artery disease, or cardiomyopathies), sickle cell disease, or Type 2 diabetes *are* at an increased risk for serious illness.[10] It has also indicated that people with hypertension or

---

[7] U.S.S.G. 1B1.13.

[8] *See* United States v. Zukerman, No. 16 CR. 194 (AT), 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (and cases cited therein); United States v. Burrill, No. 17-CR-00491-RS-1, 2020 WL 1846788, at *3 (N.D. Cal. Apr. 10, 2020) (and cases cited therein).

[9] Centers for Disease Control, *People who are at an Increased Risk for Severe Illness*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 26, 2020).

[10] *Id.*

Type 1 diabetes *might* be at an increased risk.[11] Pendleton is 54 years old and alleges that he suffers from hypertension, high cholesterol, and is borderline diabetic. Defendant's medical concerns do not, therefore, fit squarely within any of the conditions identified by the CDC as high risk. While his hypertension might put him at an increased risk, Defendant has not provided this Court with any medical evidence indicating the severity of this condition or whether it is being controlled by medication. Indeed, Defendant's pre-sentence report, prepared 2.5 years ago, does not even mention it.[12] Instead, it states that Defendant "is in good physical condition with no history of hospitalizations. The defendant reported he is presently not taking any prescribed medication."[13] Accordingly, Defendant has not carried his burden to show an extraordinary and compelling reason to grant his immediate release. Further, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.23."[14]

---

[11] *Id.*
[12] Doc. 178.
[13] *Id.*
[14] United States v. Clark, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020); United States v. Martinez Hernandez, No. 3:19-CR-346-K, 2020 WL 1876102, at *3 (N.D. Tex. Apr. 14, 2020) ("[R]equests for release in light of the COVID-19 pandemic have been considered under the 'compelling reason' prong of § 3142(i). The growing number of jurisdictions using this approach have found that generalized COVID-19 fears and speculation are insufficient to meet this prong, and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted." (internal citation omitted)) (and cases cited therein).

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana, on this 7th day of July, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**