UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 16-41 |
| CORNELL PENDLETON | SECTION: "H" |

### ORDER AND REASONS

Before the Court is Defendant Cornell Pendleton's Second Motion for Compassionate Release (Doc. 274). For the following reasons, the Motion is DENIED.

### BACKGROUND

Defendant Cornell Pendleton is serving a 121-month sentence for various financial crimes, including conspiracy to commit money laundering, money laundering, structuring transactions to evade reporting requirements, and making a false statement on a loan application. He is currently housed at Federal Correctional Institution in Oakdale, Louisiana ("Oakdale"). In April 2020, Defendant moved this Court for compassionate release in light of the COVID-19 virus outbreak at Oakdale. He argued that he was at high risk for serious complications from contracting the virus because he is 54 years old and suffers from hypertension, high cholesterol, and is borderline diabetic. The

1

Court denied his request, holding that his health conditions did not constitute an extraordinary and compelling reason for release.

Defendant now asks this Court to reconsider its holding in light of (1) the Fifth Circuit's decision in *United States v. Shkambi,* and (2) the fact that he also suffers from obesity.[1] The Government opposes the requested relief.

## LAW AND ANALYSIS

### A. *United States v. Shkambi*

First, Defendant argues that this Court should reconsider his request for compassionate release in light of the Fifth Circuit's decision in *United States v. Shkambi* in which it reversed a district court's finding that it lacked jurisdiction to consider a request for compassionate release and held that the court was not bound by the Sentencing Commission's policy statement on compassionate release.[2] The holding of *Shkambi*, however, has no bearing on this Court's previous decision to deny Defendant compassionate release. The Court considered the merits of Defendant's request and found that he had "not carried his burden to show an extraordinary and compelling reason to grant his immediate release."[3]

### B. Medical Condition

Next, Defendant, for the first time, argues that in addition to his hypertension, high cholesterol, and borderline diabetes, he is obese with a body mass index over 30. He argues that these conditions place him at a higher risk for serious complications from contracting COVID-19 and warrant his immediate release to home confinement. "The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific

---

[1] United States v. Shkambi, 993 F.3d 388, 389 (5th Cir. 2021).
[2] *Id.*
[3] Doc. 254.

circumstances enumerated by Congress in 18 U.S.C. § 3582."[4] Section 3582(c), as amended by the First Step Act, allows the court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."

Defendant is correct that the CDC has identified obesity, diabetes, and hypertension as conditions that may put a person at a higher risk from serious complications from contracting COVID-19.[5] "[N]onetheless, such commonplace maladies (obesity, hypertension, and diabetes) do not make [Defendant's] case 'extraordinary.'"[6] Other courts have found that "obesity—alone or even paired with other medical conditions—does not provide adequate grounds for compassionate release."[7] Further, Defendant's medical records reveal that his conditions are well controlled and that he is receiving adequate treatment.[8] He is taking medication for hypertension and cholesterol and takes an aspirin for heart attack/stroke prevention. Accordingly, Defendant again fails to show extraordinary and compelling reasons to order his immediate release from Oakdale.

---

[4] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

[5] Centers for Disease Control, *People at Increased Risk, available at* www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited July 20, 2021).

[6] United States v. Mondragon, No. 4:18-CR-132 (5), 2021 WL 951797, at *4 (E.D. Tex. Mar. 12, 2021) ("According to the CDC, 42.5% of the adult population in the United States is obese, 73.6% is overweight, and nearly half has hypertension. In addition, the CDC reports that 34.2 million people in the United States, approximately 10.5% of the population, have diabetes.").

[7] United States v. Grant, No. CR 16-00172-01, 2021 WL 149308, at *4 (W.D. La. Jan. 15, 2021); *see* United States v. Wilfred, No. CR 07-351, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020) (and cases cited therein); United States v. Sentimore, No. CR 04-382, 2020 WL 7630778, at *2 (E.D. La. Dec. 22, 2020) (and cases cited therein).

[8] *See Sentimore*, 2020 WL 7630778, at *2 (considering that the defendant did demonstrate "that BOP cannot manage his medical condition appropriately" and that "a review of defendant's medical records reflects that the BOP is adequately and competently administering the necessary care for the defendant").

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana, on this 21st day of July, 2021 .

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**