UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO: 16-41

CORNELL PENDLETON                                 SECTION "H"

ORDER AND REASONS

Before the Court is Defendant Cornell Pendleton's Motion for Early Termination of Supervised Release (Doc. 296).

On March 21, 2025, Defendant Cornell Pendleton filed a *pro se* motion requesting early termination of his term of supervised release. In December 2017, Defendant was sentenced to a term of 121 months imprisonment and two years' supervised release for money laundering and financial crimes. Effective February 1, 2024, this Court reduced Defendant's sentence to time served pursuant to Amendment 821. Defendant was released from federal prison on February 1, 2024. Accordingly, Defendant has completed more than one year of his term of supervised release.

In his Motion, Defendant asks this Court to release him from further supervision. Defendant contends only that he has been in full compliance with

1

the terms of his supervision and has maintained full-time employment. The Government has not filed an opposition to this request.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[1] The district court has broad discretion in considering requests for early termination of supervised release.[2] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[3]

Here, Defendant has failed to identify any "changed circumstances" warranting early termination of his supervised release. "Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[4] Although the Court finds Defendant's compliance laudable, he has not identified any exceptional circumstance warranting early termination of supervision. The Court finds

---

[1] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[2] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[3] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[4] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

2

that continued supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence.

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 29th day of April, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**